CRISTINO RUIZ SOSA, as attorney in fact for JUANA RUIZ SOSA, Plaintiff and Appellee, v. ANTULIO MARTÍNEZ and HORACIO MARTÍNEZ, Defendants and Appellants.

No. 7987. Argued June 12, 1939.—Decided November 30, 1939.

J. M. Valentín Esteves for appellants.  José Veray, Jr. for appellees.

Mr. Justice Wolf delivered the opinion of the Court.

In this action of unlawful detainer a motion to dismiss was founded on the ground that the appellants had not brought up a transcript of evidence or statement of the case and because the appeal was frivolous.

In the lower court the defendants presented several demurrers which were overruled and an answer also.  The case went to trial and judgment was rendered for the plaintiff.  Defendants appealed, but in their brief only rely for error on their demurrers.

■ This Court has repeatedly decided that the appellant does not need to bring up a transcript of evidence when the appeal turns upon matters of record, not involving the evidence.  (See Torrellas v. Sucn. Torrellas, 54 P.R.R. 499.) This ground of dismissal cannot prevail.  The averment of frivolity, however, is well founded.

■ The plaintiff filed a complaint of unlawful detainer in the District Court of Aguadilla and substantially alleged:

1. That the plaintiff is over 21 years old, married, employee, and of Río Piedras, P. R. and that he appeared as attorney-in-fact of his sister Mrs. Juana Ruiz Sosa, above age, widow, housekeeper, of Río Piedras, P. R., reciting his authority; and that the defendants Antulio Martínez and Horacio Martínez are over 21 years old, married, farmers, and of Isabela.

2. That Doña Juana Ruiz Sosa was the owner of the following farm:

"Rural, lying in the Coto ward of Isabela, composed of ten cuerdas or three hectares, 93 ares, and four centiares, containing a house, and bordering North and East with a path, South with the main farm from which this was segregated, to wit, José Martínez

Torres; West, Ramón Martínez. Registered at folio 209 of volume 48 of Isabela, property No. 2839, first record, subject to a mortgage in favor of the Federal Land Bank of Baltimore for Two Thousand Dollars.''

3. That the aforesaid farm was acquired by the said Doña Juana Ruiz Sosa as a g'ft by reason of marriage, made by her husband José Martínez Torres, as shown by the properly described deed.

4. That on July 18, 1937, Doña Juana Ruiz Sosa by private contract leased to the defendant Antulio Martínez the aforesaid property, for a term of five years from the aforesaid date, at a yearly rent of sixty dollars.

5. That the aforesaid defendant Antulio Martínez occupied the aforesaid farm as a lessee until the end of July of 1938, to wit, a year, and then declared to the lessor h's wish not to continue the lease; whereupon at such time both by verbal agreement rescinded it, vo'ding all its effect, and the defendant Antulio Martínez delivered possession of the property unto the owner thereof, Doña Juana Ruiz Sosa, who immed'ately occupied the same and turned over some lots thereof to be tilled by share croppers.

6. That the aforesaid defendant Antulio Martínez on or about December 1, 1938, by deed No. 164, in Isabela, before Notary José Valentín Esteves, without legal right therefor and without the license of Juana Ruiz Sosa, subleased the farm which had been leased by private contract of July 18, 1937, which had been rescinded and voided at the end of the first year, and that said sub-lease was executed in favor of his brother, the co-defendant Horacio Martínez, who occupied the property at sufferance, without payment of rent or other consideration.

7. That the plaintiff has demanded that the defendants abandon the aforesaid farm and put it at the free disposal of ts owner, Doña Juana Ru'z Sosa, a sister of the plaintiff, and that the defendants, especially the co-defendant Horacio Martínez, have refused and do refuse to agree to that demand.

Whereupon the plaintiff asks the Honorable Court to fix hour and day for the first hearing specified by the law of unlawful detainer and in the end to find judgment for the plaintiff, ordering the eviction of the defendants, especially the co-defendant Horacio Martínez and of those who may remain there under his orders, leaving the farm subject to this proceeding at the free disposal of the plaintiff, imposing upon the defendants the plaint'ff's costs, expenses and attorney's fees if they oppose the present complaint; providing, furthermore, in a judgment that the ejectment of the defendants shall

be decreed twenty days after the judgment is final, in case the aforesaid defendants have not abandoned the property subject to this proceeding.

Aguadilla, P. R., January_____, 1939.—(Sd.) José Veray, Jr., Attorney for the plaintiff.

To this complaint the defendants filed three demurrers:

(a) That the facts of the complaint do not show a cause of action.

(b) That the court had no jurisdiction.

(c) That the plaintiff had no capacity to sue because while the law of unlawful detainer gives to a plaintiff the right to appear in court by an attorney-in-fact that right is limited to the municipal courts and in the district court appearance must be made by the party really interested.

The district court dismissed the three demurrers. The errors assigned are:

1. The dismissal of the demurrer that the lower court had no jurisdiction.

2. The dismissal of the demurrer that the complaint shows no cause of action.

The contention that the lower court had no jurisdiction is based on the fact that the defendants entered in possession of the land through a contract: that therefore their possession was not at sufferance but arose from a contract; and that the action should have been brought in the municipal court, as the annual rent was sixty dollars.

It is impossible to agree with the appellants' point of view. We have to accept all the facts of the complaint. According to that, the defendants took possession of the land in December, 1938, after the contract and the lease had been terminated. The sub-lessee might have taken possession through a contract with the alleged lessee, but he could have no greater rigths than the lessee himself, and his contract is valid only in so far as that of the lessee is. If the lessee's contract is extinguished, and the original lease abandoned, the sub-lessee is in the same position as if he had contracted

with a party that had never been in possession of the property. Under such a situation the holding was at will and the only court with jurisdiction was the District Court of Aguadilla. The case cited by the appellants, *Cerra* v. *González*, 29 P.R.R. 270, is not in point. There the defendant had taken possession through a lease and had remained on the property after the term of his contract had expired. Also irrelevant are *Aragundo* v. *Ramos*, 33 P.R.R. 91, and *Valladares* v. *Municipal Court*, 16 P.R.R. 139.

■■ The second error assigned is more frivolous. All the argument contained in the appellants' brief is the following sentence: "As the District Court of Aguadilla lacked jurisdiction to hear this case, and such lack of jurisdiction appears from the bill of complaint itself there is no doubt that said complaint does not show facts enough to state a cause of action."

On the contrary, from a slight inspection of the complaint it may be seen that all the facts necessary appear on the face of it. The demurrers were evidently frivolous and the lower court was right in dismissing them. The appeal taken from the dismissal is clearly frivolous, and we must agree with the appellee that its purpose was to delay execution of judgment.

The appeal should be dismissed.

Mr. Justice Travieso took no part in the decision of this case.